IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANKERS LIFE INSURANCE COMPANY,

    Plaintiff,

v.

CREDIT SUISSE FIRST BOSTON
CORPORATION, also known as Credit Suisse
Securities (USA) LLC, CREDIT SUISSE FIRST
BOSTON MORTGAGE SECURITIES CORP.,
DLJ MORTGAGE CAPITAL, INC., TRIAD
GUARANTY INSURANCE CORPORATION,
SELECT PORTFOLIO SERVICING, INC. and
BANK OF NEW YORK,

    Defendants.
_____/

Case No. 8:07-cv-690-T-17MSS

Judge Kovachevich

**Dispositive Motion**

### DEFENDANT TRIAD GUARANTY INSURANCE CORPORATION'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND INCORPORATED MEMORANDUM OF LAW

Defendant, Triad Guaranty Insurance Corporation ("Triad"), by its attorneys, Thomas J. Cunningham and Simon A. Fleischmann, submits this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and incorporated memorandum of law and respectfully requests entry of an order dismissing Plaintiff's single count against Triad with prejudice and for such other and further relief as the Court may deem just and necessary.

### INTRODUCTION

Plaintiff filed its seventeen-count Amended Complaint ("Complaint") against Defendants on August 27, 2007. Only one count is brought against Triad; Count VIII purports to assert a claim against Triad for breach of a contract to which Plaintiff is allegedly a third-party beneficiary. Triad should be dismissed pursuant to Rule 12(b)(6) because Triad owed Plaintiff no contractual duty. Plaintiff does not enjoy any privity of contract with Triad and is not an identified third-party

beneficiary who is entitled to sue for breach of contract. For this reason, as set forth in detail below, Plaintiff's claim against Triad should be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6).

## STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to test the legal sufficiency of a complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-66 (2007); *Fowler v. Southern Bell Telephone & Telegraph Co.*, 343 F.2d 150, 153 (5th Cir. 1965). To avoid dismissal, a plaintiff must allege sufficient facts to support the allegations in the complaint and state a plausible claim. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Even under the liberal pleading standard in federal courts, conclusory statements standing alone will not withstand a motion to dismiss. *Perry v. Thompson,* 786 F.2d 1093, 1094 (11th Cir. 1986). Rather, the complaint must provide facts from which the conclusions averred in the complaint can be reasonably derived. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

## THE ALLEGATIONS OF THE COMPLAINT

Plaintiff's specific allegations directed at Triad are rather limited. Plaintiff alleges that it purchased, not from Triad, certain securities in the asset-backed securities issue of certain mortgage-backed pass-through certificates entitled "CSFB Mortgage-Banked Pass-Through Certificates, Series 2001-28" (the "Securities"). (Complaint at ¶ 28). The Securities are secured by a pool of consumer mortgage loans, which are held and serviced in a trust. (Complaint at ¶ 14, 18). Details regarding the Securities are provided in the Credit Suisse Defendants' Motion to Dismiss the Complaint. (See Docket No. 22 at 3).

Plaintiff further alleges that Triad issued a mortgage guaranty insurance policy to cover the mortgage loans used as collateral for the Securities. (Complaint at ¶ 10). A duplicate of the insurance policy is attached to the Complaint as Exhibit E (the "Policy"). The Policy does not identify Plaintiff as an insured party, nor does the Policy identify owners of the Securities as a class

2

of insured parties or beneficiaries under the Policy. (Complaint at Exhibit E). In fact, only the predecessor trustee of the trust is named as an insured under the Policy. (Complaint at Exhibit E). Plaintiff makes additional allegations of fact surrounding insurance coverage, none of which identify any improper or unlawful action by Triad. (See e.g., Complaint at ¶¶ 18(b), 19(f), 29(c), 29(d), 30, 32-35).

Plaintiff nevertheless attempts to assert a claim against Triad for breach of contract (Count VIII), claiming it is a third-party beneficiary of the Policy. Plaintiff makes a vague allegation that Triad declined to cover a portion of the mortgage loans securing the Securities on the basis, amongst other things, that the loans were procured through the use of fraud. (Complaint at ¶ 29-30). As set forth below, the allegation against Triad falls short of stating any claim because Plaintiff has not alleged sufficient facts to demonstrate that it could be a third-party beneficiary under the Policy. Accordingly, Triad's Motion to Dismiss should be granted.

## ARGUMENT[1]

**I.    PLAINTIFF IS NOT A THIRD-PARTY BENEFICIARY UNDER THE POLICY, AND THEREFORE, DOES NOT HAVE STANDING TO BRING A BREACH OF CONTRACT CLAIM AGAINST TRIAD.**

Florida law regarding the ability of a third-party beneficiary to sue for beach of contract is well-established. The critical question is whether the benefit to the third-party is direct or incidental; a third-party beneficiary may sue on the contract if the benefit is direct, but he may not if the benefit is incidental. *Blu-J, Inc. v. Kemper C.P.A. Group* 916 F.2d 637, 640 (11th Cir. 1990); *Deanna Const. Co., Inc. v. Sarasota Entertainment Corp.*, 563 So.2d 150, 151 (Fla. Dist. Ct. App. 1990) (citations omitted).

In the *Blu-J* case, the court held that in order to establish that a third-party is a direct beneficiary of a contract, the third-party must show that the intent and purpose of the contracting

---

[1] Triad assumes for the limited purposes of this Motion that Florida law applies in this case. Triad does not waive, and expressly reserves, its right to later argue that the law of another jurisdiction applies.

parties was to confer a direct and substantial benefit upon the third-party. 916 F.2d at 640. "In the absence of a clear intent to benefit the third person, he cannot sue on the contract. Where the contract is designed solely for the benefit of the formal parties thereto, a third person cannot maintain an action thereon, even though such third person might derive some incidental or consequential benefit from its enforcement." *Id.*

In this case, the Plaintiff is not a direct third-party beneficiary with the right to sue to enforce the Policy. Although Plaintiff makes the conclusory allegation that it is a third-party beneficiary to the Policy, the four corners of the Policy show otherwise.[2] The Policy, attached to the Complaint as Exhibit E, only gives rights to "Insured" persons under the Policy. "Insured" is defined in the Policy as:

> N.   Insured means:
>
>   1. The Person designated on the face of the Policy; or
>
>   2. any Person to whom coverage has been assigned with the written approval of the Company as provided in Section II.J. resulting in a change in the Insured named on a Certificate in accordance with this Policy

(Complaint, Exhibit E, at Section I.N). The person designated on the face of the Policy is the predecessor trustee of the trust, not the Plaintiff. There is no allegation that Plaintiff was assigned coverage pursuant to written approval by Triad. Plaintiff is not identified anywhere in the Policy by name. Purchasers of the Securities are not identified anywhere in the Policy as a class. There is no language anywhere in the Policy that confers a direct benefit to Plaintiff. The only party entitled to benefit (and thus the only party with a standing to sue) is the trustee of the trust.

---

[2] It is a well-settled rule that when a written instrument contradicts the allegations in the complaint to which it is attached, the exhibit trumps the allegations. *Dyal v. Union Bag-Camp Paper Corp.* 263 F.2d 387, 393 (5th Cir. 1959).

The Plaintiff, and other beneficiaries of the trust, receive only an incidental benefit from the Policy, in the same way that shareholders of a corporation receive only an incidental benefit from contracts the corporation enters into. *See Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir. 1981) (affirming district court's holding that shareholders do not have standing to sue a third-party based on a contract entered into with the shareholder's corporation). When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.

Plaintiff alleges that it is an intended third-party beneficiary because it was "specifically instructed in the Prospectus Supplement to rely on the existence of said insurance in determining whether to purchase the [Securities]." (Complaint at ¶ 104). This allegation, however, is completely misplaced in Plaintiff's count against Triad. There is no allegation, of course, that the parties to the Policy published the Prospectus or Prospectus Supplement. Indeed, there is no allegation that the parties to the Policy made any representations or "instructions" to the Plaintiff whatsoever. Plaintiff's allegation that it relied upon the statements of any person or entity other than the direct language of the Policy is nothing more than a desperate attempt to avoid the inescapable conclusion that the Plaintiff has not and cannot plead any facts to support its claim that it is a third-party beneficiary to the Policy. Accordingly, Triad's Motion to Dismiss should be granted.

Bank One, N.A. is the sole beneficiary designated on the face of the Policy; the "Insured" is not a class of persons, but rather it is only Bank One, N.A. in its capacity as trustee for the trust. (Complaint at Exhibit E). If Policy was intended to directly benefit Plaintiff or other Securities holders, Plaintiff and fellow purported class members would have been explicitly included as the "Insured," entitled to enforce the Policy. The fact that Bank One, N.A. alone is identified as an insured entitled to enforce the Policy demonstrates that any Plaintiff was to receive under the Policy was only indirect and derivative of the benefit to be provided to Bank One, N.A.

**II.  PLAINTIFF HAS FAILED TO STATE A CLAIM BECAUSE IT ALLEGES THAT COVERAGE FOR VARIOUS LOANS WAS DENIED ON THE BASIS OF FRAUD, HOWEVER, CASE LAW AND THE POLICY ITSELF SPECIFICALLY PERMIT DENIAL OF COVERAGE FOR LOANS PROCURED BY FRAUD.**

Plaintiff alleges, in a brief and conclusory manner, that the Policy "was breached by [Triad] as more fully set forth above." (Complaint at ¶ 107).  Even assuming arguendo that Plaintiff has the ability to bring a breach of contract suit as a third-party beneficiary, this allegation is completely unsupported in the preceding paragraphs of the Complaint.  Plaintiff's only remotely plausible argument that Triad breached any duty is, as stated previously in this Motion, Triad declined to cover a portion of the mortgage loans securing the Securities on the basis, amongst other things, that the loans were procured through the use of fraud. (Complaint at 29-30).  What Plaintiff fails to aver, however, is how this alleged conduct breaches the Policy.  To the contrary, Triad's right to deny claims involving fraud is readily apparent in both the language of the Policy and Florida case law. As provided in the Policy, claims made involving or arising out of fraud by Bank One, N.A. (as Insured) or Select Portfolio Servicing, Inc.(as Servicer) are explicitly excluded from insurance coverage. (Complaint, Exhibit E, at Section III.D).  Additionally, courts in Florida have recognized and upheld the validity of such provisions. *See Schneer v. Allstate Indem. Co.*, 767 So.2d 485 (Fla. Dist. Ct. App. 2000).  Therefore, even accepting as true Plaintiffs' conclusory allegations regarding other parties, such allegations fail to establish a claim for breach of contract against Triad.  Accordingly, Count VIII of the Complaint should be dismissed with prejudice under Rule 12(b)(6).

## CONCLUSION

The plain language of the Policy demonstrates that Plaintiff is not a direct intended third-party beneficiary of the Policy.  The Policy language provides no rights to third parties, directly or even incidentally.  Accordingly, the Policy attached to the Complaint as Exhibit E plainly establishes that Triad owes no contractual duty to the Plaintiff as an intended third-party beneficiary or otherwise.  Even if Plaintiff had standing to bring a breach of contract claim against Triad, Plaintiff

6

has failed to allege sufficient facts to put Triad on notice as to its conduct that represents the breach of contract. Accordingly, Plaintiff's claim for "breach of third-party beneficiary contract" must be dismissed with prejudice.

For all of the foregoing reasons, this Court should grant Triad's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Local Rule 3.01(g), counsel for Triad has conferred with opposing counsel regarding this motion, and was unable to reach an agreement on the resolution of this motion.

DATED: September 28, 2007                    Respectfully Submitted,

                                                     TRIAD GUARANTY INSURANCE CORPORATION

                                                     By /s/ Simon A. Fleischmann
                                                         One of Its Attorneys

Thomas J. Cunningham (admitted *pro hac vice*)
Simon A. Fleischmann (admitted *pro hac vice*)
LORD, BISSELL & BROOK LLP
111 South Wacker Drive
Chicago, IL  60606-4410
Telephone:  312.443.0462