UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANKERS LIFE INSURANCE COMPANY,   Case No. 8:07-CV-00690-EAK-MSS

    Plaintiff,

vs.

CREDIT SUISSE FIRST BOSTON
CORPORATION, also known as
Credit Suisse Securities (USA) LLC, *et al.*,

    Defendants.
_____/

### THE CREDIT SUISSE DEFENDANTS' REPLY MEMORANDUM OF LAW[1]

The Credit Suisse Defendants respectfully submit this reply memorandum of law.

***Motion to Dismiss Standard.***  Bankers incorrectly states that the *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), "no set of facts" standard should govern the Court's consideration of the Credit Suisse Defendants' motion to dismiss.  Response at 3.  The proper standard was recently articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  CS Memo at 9-10.  *Bell Atlantic* explicitly rejected the *Conley* formulation of the standard because it would improperly permit a "wholly conclusory statement of claim" to survive a motion to dismiss.  *Bell Atl.,* 127 S. Ct. at 1968-69.  Bankers' conclusory allegations are insufficient under the *Bell Atlantic* standard to support its claims.  CS Memo at 11-13, 15, 17-24.

***Standing.***  Bankers does not dispute that it failed to satisfy the necessary requirements under PSA Section 11.07 to commence this action with respect to its breach of contract claims and admits that Section should be "strictly construed."  Response 19.  Instead, Bankers contends that it would be futile to ask the Trustee to sue itself and therefore (according to Bankers) it need not comply with any of the requirements of Section 11.07.  Response at 19-21.  Even the authority relied on by Bankers makes clear that, regardless of whether Bankers must satisfy Section 11.07

---

[1] For purposes of this reply, the Credit Suisse Defendants adopt the defined terms set forth in their Motion to Dismiss and Incorporated Memorandum of Law ("CS Memo").

with respect to the Trustee, it must do so with respect to DLJ and SPS. *Cruden v. Bank of N.Y.*, 957 F.2d 961, 968 (2d Cir. 1992) (relied on by Bankers, Response at 20); *see also Peak Partners, LP v. Republic Bank*, 191 F. App'x 118, 126-27 (3d Cir. 2006).

Bankers also lacks standing to pursue its breach of contract claims under Rule 23.1, which governs derivative actions. That Rule is applicable because the contract claims allege conduct which, if proven, injured the Trust as a whole – not Bankers individually – because that alleged conduct potentially may have resulted in the Trust receiving less funds. *See Debussy LLC v. Deutsche Bank AG*, No. 05 CV-5550, 2006 WL 800956, at *3-4 (S.D.N.Y. Mar. 29, 2006), *aff'd*, 2007 WL 1748468 (2d Cir. June 19, 2007); *Dallas Cowboys Football Club, Ltd. v. Nat'l Football League Trust*, No. 95-CV-9426, 1996 WL 601705, at *2-4 (S.D.N.Y. Oct. 18, 1996). Indeed, Bankers even alleges that the PSA benefits the entire "class of persons" who are Certificateholders. Am. Compl. ¶ 110; Response at 25.

There can be no dispute that Bankers has not complied with the straightforward requirements of Rule 23.1. Nor could it. Among other things, that Rule requires that a complaint asserting such claims be verified and allege certain facts, including that Bankers owned the Subordinated Certificates "at the time of the transaction of which the plaintiff complains." Fed. R. Civ. P. 23.1. Because Bankers alleges that the claimed misconduct of the Credit Suisse Defendants occurred <u>before</u> it purchased the Subordinated Certificates, it cannot as a matter of law pursue its breach of contract claims derivatively. Am. Compl. ¶¶ 29 (alleging SPS failures "[a]t the time or prior to Bankers' purchase"), 30 (alleging SPS failure to disclose same to Moody's "[p]rior to Bankers' purchase"), 33 (alleging that Bankers would not have purchased if SPS disclosed certain loan and insurance related information "prior to purchase"); *see In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 299 (2d Cir. 2003); *Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594, 605 (M.D. Fla. 1991).

*<u>Stickering and Updating</u>*. The Credit Suisse Defendants demonstrated that "stickering" and updating are obligations under the federal securities laws and cannot provide the basis for a

common law negligent misrepresentation claim.[2]  CS Memo at 14.  Bankers' only argument in response is its *ipse dixit* that "the duty to update and sticker is common in the industry."  Response at 11.  Bankers cites no case law holding that stickering obligations can support a negligent misrepresentation claim.  The very cases Bankers relies on explain that any obligation to "sticker" arises in the context of a federal securities law claim and expires at the time of the closing of the offering or at the conclusion of the initial distribution period.  *See SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 66 (D. Conn. 1988) (Response at 11); *SEC v. N. Atl. Airlines, Inc.*, No. 86-CV-442, 1988 WL 41438, at *2 (S.D.N.Y. Apr. 28, 1988) (same).  Accepting Bankers' position would fundamentally rewrite accepted securities law by imposing on an underwriter for the entire life of an underwritten security the duty to constantly analyze and report on the performance of that security – a role assigned under the PSA to the servicer and the trustee – essentially turning an underwriter into an uncompensated financial analyst for decades to come.  Credit Suisse and Credit Suisse Mortgage had no duty to "sticker" documents <u>more than two years after initial issuance</u> when Bankers purchased the Subordinated Certificates.

It would be particularly inappropriate to upend established disclosure obligations by imposing an ongoing duty on Credit Suisse and Credit Suisse Mortgage to update old offering materials when current information on the underlying mortgage loans is made available to the public on a monthly basis in a Statement to Certificateholders ("Trustee Statement").  These Statements are accessible on the Trustee's internet website, which currently is located at https://sfr.bankofny.com/SFR/Login.jsp.[3]  That website provides current and certain historical

---

[2]  Bankers does not dispute that its claim for "false information negligently supplied" is not an independent claim under Florida or New York law.  That claim against Credit Suisse (Count II) and Credit Suisse Mortgage (Count VI) must be dismissed.  CS Memo at 11 n.6.

[3]  Courts may take judicial notice of the Trustee's website because its existence and the information available on it are not subject to reasonable dispute and are capable of accurate and ready determination.  Fed. R. Evid. 201(b); *see, e.g., In re Everglades Island Boat Tours, LLC*, 484 F. Supp. 2d 1259, 1261 (M.D. Fla. 2007); *Frenck v. Corr. Corp. of Am.*, No. 06-CV-1534, 2006 WL 3147656, at *2 (M.D. Fla. Nov. 1, 2006) ("While courts must liberally construe and accept as true allegations of fact in the complaint . . . they need not accept facts which run counter to facts of which the court can take judicial notice.").

financial data regarding the transaction and is accessible to any viewer who registers with the site, whether or not that viewer actually owns any Certificates.[4] As a matter of law, there is "no duty to disclose information that the plaintiff[ ] reasonably should have known." *Sailors v. N. States Power Co.*, No. 92-CV-253, 1992 WL 532172, at *8 (D. Minn. July 13, 1992), *aff'd*, 4 F.3d 610 (8th Cir. 1993); *see also Kamerman v. Steinberg*, 123 F.R.D. 66, 72 (S.D.N.Y. 1988).

*__Negligent Misrepresentation and Breach of Fiduciary Duty.__* Bankers concedes that a claim for negligent misrepresentation requires a privity-like or special relationship, and that a standard commercial relationship will not suffice. Response at 6; *see also* CS Memo at 11-12. Bankers' argument that the Amended Complaint meets this high standard (Response at 6-7) is unavailing because Bankers already has admitted that it never had any contact with Credit Suisse or Credit Suisse Mortgage. Am. Compl. at ¶ 28 n.5. Accordingly, Bankers cannot establish the existence of <u>any</u> relationship, much less a special one.[5] *Vanguard Mun. Bond Fund, Inc. v. Cantor, Fitzgerald L.P.*, 40 F. Supp. 2d 183, 193 (S.D.N.Y. 1999) (no contact results in no relationship).

Bankers does not even attempt to address the well-settled law that a claim for breach of fiduciary duty requires a fiduciary relationship of trust and confidence. CS Memo at 16-17. Instead, Bankers argues that a fiduciary duty arises where one party has "dependency" (allegedly Bankers) and the other parties (allegedly Credit Suisse and SPS) undertake to advise, counsel or protect the first party. Response at 16-17. Under Bankers' view, it could unilaterally and without the knowledge or consent of Credit Suisse or SPS create a fiduciary relationship with them. That is not the law. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1284 (11th Cir. 2004); *Jacobs*

---

[4] Any viewer may access information regarding the Certificates by visiting the site, clicking "register" and completing the registration form. Once registered, the viewer can log in, type "Credit Suisse" in the search by issuer field and then click on "Credit Suisse First Boston." The viewer need only scroll down and select "Credit Suisse First Boston Mortgage-Backed Pass-Through Certificates, Series 2001-28" and information regarding the Certificates will appear.

[5] These claims also fail under Florida law for Bankers' failure to differentiate itself from the general investing public. CS Memo at 12.

*v. Law Offices of Leonard N. Flamm*, No. 04-CV-7607, 2005 WL 1844642, at *3-7 (S.D.N.Y. July 29, 2005).[6]

*Futility of Amendment*.  Bankers' request for leave to further amend its Amended Complaint would be futile for the following reasons (among others):

- Negligent Misrepresentation.  Repleading cannot cure the lack of the requisite relationship because Bankers already has admitted it had no contact with Credit Suisse or Credit Suisse Mortgage.  Additional allegations likewise will have no bearing on whether Bankers' reliance was unreasonable as a matter of law and whether any legal duty to "sticker" or update existed under the circumstances.  CS Memo at 11-14.

- Breach of Fiduciary Duty.  As with negligent misrepresentation, repleading cannot cure the lack of any relationship.  In addition, amended allegations would be irrelevant to the legal question of whether SPS' alleged wrongdoing under the PSA can be brought as a tort claim.  CS Memo at 16-17.

- Fraud.  Repleading would have no bearing on the question of whether Bankers' reliance on the offering documents over two years after their issuance was unreasonable as a matter of law.  CS Memo at 14-16.

- Breach of Contract.  Amended allegations would not change the analysis regarding whether Bankers lacked standing under the plain terms of the PSA or under Federal Rule 23.1.  CS Memo at 19-20.

For the foregoing reasons, the Credit Suisse Defendants respectfully request that the Court dismiss Bankers' Amended Complaint with prejudice.

---

[6] Although the Response cites both New York and Florida law, Bankers does not dispute that New York law should be applied to Bankers' tort claims. CS Memo at 10 n.4.  To the extent New York law applies, Bankers' claims for negligent misrepresentation, breach of fiduciary duty and civil conspiracy must be dismissed on the additional ground that they are barred by Section 352 of the N.Y. Gen. Bus. Law (McKinney 1996), commonly known as the Martin Act. *Joffee v. Lehman Bros., Inc.*, No. 04-CV-3507, 2005 WL 1492101, at *13-14 (S.D.N.Y. June 23, 2005); *see also Gavin v. AT&T Corp.*, No. 01-CV-2721, 2005 WL 1563122, at *18 n.13 (N.D. Ill. June 7, 2005); *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, MDL No. 1446, 2003 WL 23305555, at *13 (S.D. Tex. Dec. 11, 2003).

Dated: December 3, 2007 Respectfully submitted,

   /s/  Scott E. Eckas
Jeffrey Q. Smith (admitted *pro hac vice*)
Scott E. Eckas (admitted *pro hac vice*)
Colleen J. O'Loughlin (admitted *pro hac vice*)
MCKEE NELSON LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (917) 777-4200
Facsimile: (917) 777-4299
seckas@mckeenelson.com


John F. Mariani
Florida Bar Number: 263524
GUNSTER, YOAKLEY & STEWART, P.A.
Phillips Point - Suite 500 East
777 South Flagler Drive
West Palm Beach, FL 33401-6194
Telephone: (561) 655-1980
Facsimile: (561) 655-5677
jmariani@gunster.com

Counsel for Defendants Credit Suisse Securities (USA) LLC, Credit Suisse First Boston Mortgage Securities Corp., DLJ Mortgage Capital, Inc. and Select Portfolio Servicing, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the below counsel of record via transmission of Notices of Electronic filing generated by CM/ECF.

                        /s/ Colleen J. O'Loughlin

*Counsel for Bankers*
*Life Insurance Company:*

**Adam J. Hodkin**
hodkin@thkolaw.com

**Andrew Dale Ledbetter**
dledbetter@dlsecuritieslaw.com

*Counsel for*
*Bank of New York:*

**John P. Doherty**
jdoherty@tpw.com

**Richard F. Hans**
rhans@tpw.com

**Thomas O. O'Connor**
toconnor@tpw.com

**Edmund S. Whitson, III**
edmund.whitson@akerman.com

*Counsel for Triad*
*Guaranty Insurance Corporation:*

**Thomas J. Cunningham**
tcunningham@lordbissell.com

**Simon A. Fleischmann**
sfleischmann@lordbissell.com

**Christopher Edward Doran**
cdoran@mmhlaw.com

**John M. Murray**
jmurray@mmhlaw.com