IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANKERS LIFE INSURANCE COMPANY,

    Plaintiff,

v.

CREDIT SUISSE FIRST BOSTON
CORPORATION, also known as Credit Suisse
Securities (USA) LLC, CREDIT SUISSE FIRST
BOSTON MORTGAGE SECURITIES CORP.,
DLJ MORTGAGE CAPITAL, INC., TRIAD
GUARANTY INSURANCE CORPORATION,
SELECT PORTFOLIO SERVICING, INC. and
BANK OF NEW YORK,

    Defendants.

Case No. 8:07-cv-690-T-17MSS

Judge Kovachevich

**Dispositive Motion**

## DEFENDANT TRIAD GUARANTY INSURANCE CORPORATION'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND INCORPORATED MEMORANDUM OF LAW

Defendant, Triad Guaranty Insurance Corporation ("Triad"), by its attorneys, Thomas J. Cunningham and Simon A. Fleischmann, submits this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and incorporated memorandum of law and respectfully requests entry of an Order dismissing Plaintiff's single count against Triad, with prejudice.

### INTRODUCTION

Plaintiff filed its Second Amended Complaint ("SAC") on May 6, 2008, following the Court's Order On Motions to Dismiss dated April 22, 2008 ("Dismissal Order") granting in part and denying in part the Defendants' separate motions to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (A copy of the Dismissal Order is attached to this Motion as Exhibit 1.) The Dismissal Order granted Triad's Motion to Dismiss, with leave granted to allow Plaintiff to amend its pleading and attempt to include allegations to establish that it is a

direct third-party beneficiary under the mortgage guaranty insurance policy attached to the SAC as Exhibit E (the "Policy").

Triad should be dismissed under Rule 12(b)(6), this time with prejudice, because the SAC fails to sufficiently allege that Plaintiff is a direct third-party beneficiary under the Policy.  Triad owes Plaintiff no contractual duty under the Policy.  Plaintiff does not enjoy any privity of contract with Triad.  Plaintiff therefore is not entitled to sue for breach of contract.  In addition, even if Plaintiff could sue under the Policy, the SAC fails to allege sufficient facts to state a claim for breach of contract.  For these reason, as set forth in detail below, Plaintiff's claim against Triad should be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6).

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) allows a defendant to test the legal sufficiency of a complaint.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-66 (2007); *Fowler v. Southern Bell Telephone & Telegraph Co.*, 343 F.2d 150, 153 (5th Cir. 1965).  To avoid dismissal, a plaintiff must allege sufficient facts to support the allegations in the complaint and state a plausible claim.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  Even under the liberal pleading standard in federal courts, conclusory statements standing alone will not withstand a motion to dismiss.  *Perry v. Thompson,* 786 F.2d 1093, 1094 (11th Cir. 1986).  Rather, the complaint must provide facts from which the conclusions averred in the complaint can be reasonably derived.  *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

## ALLEGATIONS AGAINST TRIAD

The Court by now is familiar with Plaintiffs' allegations regarding its purchase of certain securities in the asset-backed securities issue of certain mortgage-backed pass-through certificates entitled "CSFB Mortgage-Banked Pass-Through Certificates, Series 2001-28" (the "Securities"), which are secured by a pool of consumer mortgage loans held and serviced in a trust.  (SAC, ¶¶ 14, 18, 28.)

2

Plaintiff alleges that Triad issued the Policy to cover the mortgage loans used as collateral for the Securities. (SAC, ¶ 10.) Plaintiff acknowledges that Bank One, N.A., the predecessor trustee of the trust, is the sole insured party under the Policy. (SAC, ¶ 92.) The Policy does not identify Plaintiff as an insured party, nor does the Policy identify owners of the Securities as a class of insured parties or beneficiaries under the Policy. (SAC, Ex. E.) While the Policy provides for the transfer of coverage by written assignment and approval by Triad (SAC, Ex. E at § 1.N.), Plaintiff does not allege that it received an assignment of coverage under the Policy despite having ample opportunities to do so in its three separate complaints thus far in the action.

Plaintiff admits that the Policy was "[a]cquired for the benefit of the trust…" (SAC, ¶ 18 b.) According to the SAC, proceeds of the Policy were to be paid directly to the trustee of the trust, and then distributed by the trustee to the owners of the Securities. (SAC, ¶ 92.) Despite admitting this dictionary-definition of an indirect benefit, Plaintiff concludes that it is somehow a direct third-party beneficiary of the Policy. (SAC, ¶ 93.) However, Plaintiff cannot overcome the fact that it is at best an indirect beneficiary of the Policy simply by alleging, in a conclusory fashion, that it is not so. *See Bank of North Georgia v. Reznick Group, P.C.*, 262 Fed. Appx. 928, 930 (11th Cir. 2008) (the terms of a written instrument attached to a complaint controls plaintiff's contradictory allegations).

Plaintiff purports to assert a breach of contract claim against Triad (Count VIII), alleging that Triad "declined to cover many of the mortgage loans in the pool on the basis, amongst other things, that the loans had been procured through the use of fraud." (SAC, ¶¶ 29c., 95.) However, aside from having no standing to assert this claim, Plaintiff makes no allegation to help the Court understand how Triad's conduct breached the Policy. As set forth below, the allegations against Triad fall short of stating any claim because Plaintiff is not a direct third-party beneficiary under the Policy, and Plaintiff fails to allege sufficient facts to establish that Triad has breached the Policy. Accordingly, Triad's Motion to Dismiss should be granted.

# ARGUMENT[1]

## I. PLAINTIFF IS NOT A THIRD-PARTY BENEFICIARY UNDER THE POLICY AND THEREFORE DOES NOT HAVE STANDING TO BRING A BREACH OF CONTRACT CLAIM AGAINST TRIAD.

Under Florida law, an alleged third-party beneficiary has standing to enforce a contract only where the third-party receives a direct benefit from the contract. (Dismissal Order at 11 (*citing Blu-J, Inc. v. Kemper C.P.A. Group* 916 F.2d 637, 640 (11th Cir. 1990)).) In granting Triad's motion to dismiss Plaintiff's First Amended Complaint, the Court rightly looked to the terms of the Policy to determine whether Plaintiff was a direct beneficiary of the Policy. (Dismissal Order at 12.) The Court found that the Policy confers the direct benefit of its coverage only upon "Insured" persons. (Dismissal Order at 12.) "Insured" is defined in the Policy as:

> N.  Insured means:
>
>   1.  The Person designated on the face of the Policy; or
>
>   2.  any Person to whom coverage has been assigned with the written approval of the Company as provided in Section II.J. resulting in a change in the Insured named on a Certificate in accordance with this Policy

(SAC, Ex. E at § I.N.) The Court found that the terms of the Policy demonstrate that Plaintiff is not and cannot be a direct third-party beneficiary of the Policy with standing to sue, unless Plaintiff can allege that it received an assignment of coverage upon written approval of Triad. (Dismissal Order at 12.) Specifically, the Court found,

> [The terms of the Policy] make clear that Bank One was the party Triad intended to insure. The Court then looks to evidence of another "Insured" assigned with written approval of Triad. No such evidence has been presented, nor has Plaintiff alleged that such evidence exists.

---

[1] Triad assumes for the limited purposes of this Motion that Florida law applies in this case. Triad does not waive, and expressly reserves, its right to later argue that the law of another jurisdiction applies.

CHI1 1498244v.2

(Dismissal Order at 12 (*citing Dyal v. Union Bag-Camp. Paper Corp.*, 236 F.2d 387, 393 (5th Cir. 1959)).) In granting Triad's motion to dismiss the First Amended Complaint, the Court gave Plaintiff the opportunity to amend its pleading to assert that it received an assignment of coverage under the Policy upon written approval by Triad. (Dismissal Order at 12.) However, Plaintiff did not and could not do that. The claim against Triad in the SAC makes no such allegation and should therefore be dismissed with prejudice.

The Court should reject Plaintiff's conclusory allegation that it is a third-party beneficiary under the Policy because the express terms of the Policy trump Plaintiffs' contradictory allegations. *Bank of North Georgia v. Reznick Group, P.C.*, No. 07-11919, 2008 WL 134118, at *1 (11th Cir. Jan. 15, 2008) (the terms of a written instrument attached to a complaint controls plaintiff's contradictory allegations). The person designated on the face of the Policy is the predecessor trustee of the trust, not the Plaintiff. Plaintiff is not identified anywhere in the Policy by name. Purchasers of the Securities are not identified anywhere in the Policy as a class. There is no language anywhere in the Policy that confers a direct benefit to Plaintiff. The only party entitled to benefit (and thus the only party with a standing to sue) is the trustee of the trust.

Plaintiff pleads itself out of Court by admitting that the Policy was "[a]cquired for the benefit of the trust," and that the proceeds of the Policy are to be paid directly to the trustee of the trust and then distributed by the trustee to the owners of the Securities. (SAC, ¶¶ 18 b, 92.) Plaintiff thus correctly points out that the beneficiaries of the trust receive only an incidental benefit from the Policy, not directly from Triad but instead from Triad's "Insured," which is the only direct beneficiary under the Policy. As owner of the Securities, Plaintiff's status as an indirect beneficiary of the Policy is similar to the shareholders of a corporation who receive only an indirect benefit from contracts the corporation enters into. *See Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir. 1981) (affirming district court's holding that shareholders do not have standing to sue a third-party based

5

on a contract entered into with the shareholder's corporation). Accordingly, Plaintiff cannot be a direct third-party beneficiary under the Policy. Therefore, Plaintiff's claim against Triad should be dismissed with prejudice.

**II.   PLAINTIFF HAS FAILED TO STATE A CLAIM BECAUSE IT ALLEGES THAT COVERAGE FOR VARIOUS LOANS WAS DENIED ON THE BASIS OF FRAUD, HOWEVER, CASE LAW AND THE POLICY ITSELF SPECIFICALLY PERMIT DENIAL OF COVERAGE FOR LOANS PROCURED BY FRAUD.**

Plaintiff alleges, in a brief and conclusory manner, that Triad breached its obligations under the Policy by not properly paying claims to the trustee of the trust. (SAC, ¶ 95.) Even assuming Plaintiff has standing to bring a breach of contract suit as a third-party beneficiary, this allegation is completely unsupported by any facts to state a claim that rises above mere speculation. Plaintiff's only remotely plausible argument that Triad breached any duty is that Triad declined to cover a portion of the mortgage loans securing the Securities "on the basis, amongst other things, that the loans were procured through the use of fraud." (SAC, ¶ 29 c.) What Plaintiff fails to aver, however, is how this alleged conduct breaches the Policy.

Triad's right to deny claims involving fraud is readily apparent in both the language of the Policy and Florida case law. As provided in the Policy, claims made involving or arising out of fraud by Bank One, N.A. (as Insured) or Select Portfolio Servicing, Inc. (as Servicer) are explicitly excluded from insurance coverage. (SAC, Exhibit E, at Section III.D.) Additionally, courts in Florida have recognized and upheld the validity of such provisions. *See Schneer v. Allstate Indem. Co.*, 767 So.2d 485 (Fla. Dist. Ct. App. 2000). Therefore, even accepting as true Plaintiff's conclusory allegations regarding other parties, such allegations fail to establish a claim for breach of contract against Triad. Accordingly, Count VIII of the Complaint should be dismissed with prejudice under Rule 12(b)(6).

**CONCLUSION**

The plain language of the Policy demonstrates that Plaintiff is not a direct intended third-party beneficiary of the Policy.  The Policy language provides no rights to third-parties, directly or even incidentally.  Accordingly, the Policy attached to the Second Amended Complaint as Exhibit E plainly establishes that Triad owes no contractual duty to Plaintiff as an intended third-party beneficiary or otherwise.  Even if Plaintiff had standing to bring a breach of contract claim against Triad, Plaintiff has failed to allege sufficient facts to put Triad on notice as to its conduct that represents the supposed breach of contract.  Accordingly, Plaintiff's claim for "breach of third-party beneficiary contract" must be dismissed with prejudice.

For all of the foregoing reasons, this Court should grant Triad's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and award such further relief as the Court finds just and appropriate.

DATED: June 27, 2008                                    Respectfully Submitted,

                                                          TRIAD GUARANTY INSURANCE
                                                          CORPORATION

                                                          By  /s/ Simon A. Fleischmann
                                                              One of Its Attorneys

Thomas J. Cunningham (admitted *pro hac vice*)
Simon A. Fleischmann (admitted *pro hac vice*)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL  60606-4410
Telephone:  312.443.0462

CHI1 1498244v.2