UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BANKERS LIFE INSURANCE COMPANY,  :
:
    Plaintiff,  :
:
vs.  :  Civil Action No.
:
CREDIT SUISSE FIRST BOSTON  :  8:07-CV-00690-EAK-MSS
CORPORATION, also known as Credit Suisse  :
Securities (USA) LLC, CREDIT SUISSE  :
FIRST BOSTON MORTGAGE SECURITIES  :
CORP., DLJ MORTGAGE CAPITAL, INC.,  :
TRIAD GUARANTY INSURANCE  :
CORPORATION, SELECT PORTFOLIO  :
SERVICING, INC. and BANK OF NEW  :
YORK,  :
:
    Defendants.  :

## BANKERS LIFE INSURANCE COMPANY'S RESPONSE OPPOSING TRIAD GUARANTY INSURANCE CORPORATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiff, Bankers Life Insurance Company ("Bankers"), respectfully submits this response in opposition to Triad Guaranty Insurance Corporation's ("Triad") Motion to Dismiss. As the authorities cited hereinbelow demonstrate, Triad's Motion to Dismiss is without merit and must be denied.

### Background

Triad was the insurer of mortgage loans used to back certificates sold by Credit Suisse Fist Boston ("CSFB"). Unfortunately for the buyers of those certificates, the Credit Suisse Defendants represented that the mortgage pools were comprised of performing mortgage loans that were backed by real property sufficient to provide collateral for the loans. To the contrary, the mortgage loans were often under collateralized, or in default, when the certificates were sold to the investing public, including Bankers. When CSFB and its co-defendants submitted claims

Case 8:07-cv-00690-EAK-MAP   Document 110   Filed 07/28/2008   Page 2 of 8

*Bankers Life Insurance Co. v. Credit Suisse First Boston Corporation, et al.*
*Bankers Life Insurance Co.'s Response to Triad Guaranty Insurance Corporation's Motion to Dismiss Second Amended Complaint*
*Case No. 8:07-CV-00690-EAK-MSS*

for some of the loans, Triad declined coverage on the basis that, amongst other things, the loans had been procured through the use of fraud. Second Am. Compl. at ¶ 29(c). Therefore, Triad has denied certificate holders like Bankers the benefits they are entitled to as insureds. Bankers should have received a direct benefit, via the Trustee, from the Triad insurance policy, which would have been paid to Bank One and then to certificate holders, like Bankers. Second Am. Compl. at ¶¶ 91, 92. Bankers is an intended third party beneficiary of the insurance policy because the policy expresses an intent to directly benefit the class of persons to which Bankers belongs; that is, Bank One, N.A. as trustee for CSFB Mortgage-Backed Pass-Through Certificates Series 2001-28, for the benefit of the owners of the Certificates, such as Bankers. Second Am. Compl. at ¶ 93. Nevertheless, Triad failed to pay claims under the policy to BNY. Second Am. Compl. at ¶ 95. As a result Bankers has suffered damage. Second Am. Compl. at ¶ 96.

## LEGAL ARGUMENT AND CITATION OF AUTHORITY

### Point I

### STANDARD FOR MOTION TO DISMISS

Certain legal axioms govern this Court's review of Defendant's Motion to Dismiss. Bankers' Second Amended Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts" which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L. Ed.2d 80 (1957). Additionally, "[i]n considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the averments of the complaint should be construed in the light most favorable to the plaintiff." *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90

Case 8:07-cv-00690-EAK-MAP    Document 110    Filed 07/28/2008    Page 3 of 8

*Bankers Life Insurance Co. v. Credit Suisse First Boston Corporation, et al.*
*Bankers Life Insurance Co.'s Response to Triad Guaranty Insurance Corporation's Motion to Dismiss*
*Second Amended Complaint*
*Case No. 8:07-CV-00690-EAK-MSS*

(1974). All well-pleaded facts and all reasonable inferences drawn from those facts must be taken as true. *Baker v. Carnival Corp.*, No. 06-21527-CIV, 2006 WL 3519093, at *1 (S.D. Fla. December 6, 2006). The federal rules do not require a claimant to set out in detail all the facts upon which the claim is based. *Id.* at *2. All that is required is a short and plain statement of the claim. *Id.* "Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment." *Crouch v. Mulvihill*, No. 07-0054, 2007 WL 1657187 (D.N.J. June 4, 2007) *citing Denton v. Hernandez*, 504 U.S. 25 (1992).

### Point II

### BANKER'S IS A THIRD PARTY BENEFICIARY UNDER THE TRIAD INSURANCE POLICY

Triad attempts to argue that Bankers is not a third party beneficiary under the insurance contract because Bankers cannot show that there was a direct intent to confer a direct and substantial benefit upon it. Triad claims that this is so because the subject insurance policy defines an insured as a person designated in the policy or a person to whom coverage was assigned with its written approval. Contrary to Triad's assertion, "it is not necessary that third-party beneficiaries be identified or identifiable at the time of the making of the contract." *981 Third Avenue Corp. v. Beltramini*, 485 N.Y.S.2d 535 (N.Y. 1985); *Pilot Air Freight Corp. v. City of Buffalo*, No. CIV-91-308E, 1991 WL 275051 (W.D.N.Y. Dec. 16, 1991). "It is also true that the person who claims to be a third-party beneficiary must be one of a class of persons intended to be benefited." *Id.*

Here, although Bankers was not identified in the insurance policy, it was a third party beneficiary to the policy because the policy was procured to ultimately protect its investment as

*Bankers Life Insurance Co. v. Credit Suisse First Boston Corporation, et al.*
*Bankers Life Insurance Co.'s Response to Triad Guaranty Insurance Corporation's Motion to Dismiss Second Amended Complaint*
*Case No. 8:07-CV-00690-EAK-MSS*

well as other certificate holders who made up a class of individuals intended to benefit from the policy. As is clear from *Third Avenue*, Bankers did not have to be specifically identified in the policy to benefit from the protections under it or enforce its provisions. Additionally, Bankers has clearly pled that it is an intended beneficiary under the policy. Second Am. Compl. at ¶¶ 93-94. Consequently, Triad's motion to dismiss on this basis must be dismissed.

## Point III

### BANKERS CAN PROPERLY SUE TRIAD FOR BREACH OF CONTRACT FOR DENYING COVERAGE UNDER THE INSURANCE POLICY

The second point Triad raises for dismissal is its allegation that the insurance policy permitted it to decline coverage because Bankers alleged that the loans in the mortgage pool were "amongst other reasons ... procured by fraud." See Second Am. Compl., ¶¶ 29 – 30. Triad's "defense" that "fraud" by the borrowers of the mortgage loans permits a denial of coverage is an affirmative defense, but not a basis for dismissal against Banker's claim of wrongful denial of coverage. In fact, paragraphs 29 and 30 of the Amended Complaint provide that Triad denied insurance coverage to the certificate holders for the defaulted loans. Bankers, however, has not alleged that Triad was entitled to deny coverage for the loans, whether on the basis of fraud or for any other reason. In fact, paragraph 29 of the Amended Complaint merely makes reference to the fact that Triad *itself* alleged fraud as one of the basis (not the only basis) for the denial of coverage. Bankers, however, has alleged in Count VIII Second Amended Complaint that Triad was not entitled to deny coverage, and therefore breached the insurance policy.

The mere fact that Triad may claim that the mortgage loans were procured by fraud and its denial of liability on that basis is not the end of the analysis, even when the insurance policy

Case 8:07-cv-00690-EAK-MAP   Document 110   Filed 07/28/2008   Page 5 of 8

*Bankers Life Insurance Co. v. Credit Suisse First Boston Corporation, et al.*
*Bankers Life Insurance Co.'s Response to Triad Guaranty Insurance Corporation's Motion to Dismiss Second Amended Complaint*
Case No. 8:07-CV-00690-EAK-MSS

has a clear provision that excludes claims based on fraud. Triad has to prove its basis for refusing to provide coverage because of fraud as an affirmative defense. *See Carepluss Med. Supply Inc. v. State Farm Mut. Auto. Ins. Co.*, 798 N.Y.S.2d 708 (N.Y.A.D. 2 Dept. 2004); *Rosenthal v. Allstate Ins. Co.*, 670 N.Y.S.2d 862 (N.Y.A.D. 2 Dept., 1998) (fraud pled as affirmative defense in claims for insurance coverage). Therefore, Triad's motion to dismiss on this basis must be denied.

## CONCLUSION

Based on the authorities presented, Bankers prays that this Court will enter an order denying Triad's Motion to Dismiss and granting any other relief the court deems just. Alternatively, if the Court finds that Triad's motion has merit due to pleading deficiencies, Bankers should be permitted to amend its Complaint.

Case 8:07-cv-00690-EAK-MAP   Document 110   Filed 07/28/2008   Page 6 of 8

*Bankers Life Insurance Co. v. Credit Suisse First Boston Corporation, et al.*
*Bankers Life Insurance Co.'s Response to Triad Guaranty Insurance Corporation's Motion to Dismiss*
*Second Amended Complaint*
*Case No. 8:07-CV-00690-EAK-MSS*

Respectfully submitted,

/S/ Brian R. Kopelowitz
BRIAN R. KOPELOWITZ
Florida Bar No. 097255
e-mail – Kopelowitz@tkolaw.com
The Kopelowitz Ostrow Firm, P.A.
200 SW 1st Ave., 12th Floor
Fort Lauderdale, FL 33301
Telephone:    (954) 525-4100
Facsimile:    (954) 525-4300
Co-Counsel for Plaintiff

Dated: July 28, 2008

/S/ Dale Ledbetter
DALE LEDBETTER
Florida Bar No.: 0948411
e-mail – dledbetter@dlsecuritieslaw.com
Ledbetter & Associates, P.A.
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301
Telephone:    (954) 766-7875
Facsimile:    (954) 766-7800
Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 28, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Brian Kopelowitz

*Bankers Life Insurance Co. v. Credit Suisse First Boston Corporation, et al.*
*Bankers Life Insurance Co.'s Response to Triad Guaranty Insurance Corporation's Motion to Dismiss*
*Second Amended Complaint*
*Case No. 8:07-CV-00690-EAK-MSS*

## SERVICE LIST
Case No.: 8:07-CV-00690-EAK-MSS

John M. Murray, Esq.
jmurray@mmhlaw.com
Christopher Doran, Esq.
cdoran@mmhlaw.com
Murray, Mariani & Herman, P.A.
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1810
Telephone:    813 222 1800
Facsimile:    813 222 1801
Attorney for Triad Guaranty Insurance

Simon A. Fleischmann, Esq.
sfleichmann@lordbissell.com
Thomas J. Cunningham, Esq.
tcunningham@lordbissell.com
Lord Bissell & Brook, LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone:    312 443 0452
Facsimile:    312 896 6471
Attorney for Triad Guaranty Insurance

Richard F. Hans, Esq.
rhans@tpw.com
Thacher Proffitt & Wood, LLP
Two World Financial Center
New York, NY 10281
Attorney for Bank of New York

Edmund S. Whitson, Esq.
Edmund.whitson@akerman.com
Akerman Senterfitt
401 Jackson Street, Stuite 1700
Tampa, FL 33601
Telephone:    813 223 7333
Attorney for Bank of New York

Colleen J. O'Loughlin, Esq.
colouglin@mckeenelson.com
Scott Eckas, Esq
seckas@mckeenelson.com
McKee Nelson, LLP

7

*Bankers Life Insurance Co. v. Credit Suisse First Boston Corporation, et al.*
*Bankers Life Insurance Co.'s Response to Triad Guaranty Insurance Corporation's Motion to Dismiss*
*Second Amended Complaint*
*Case No. 8:07-CV-00690-EAK-MSS*

One Battery Park Plaza, 34th Floor
New York, NY 10004
Telephone:   917 777 4466
Facsimile    917 777 4299
Attorney for Select Portfolio Servicing, Inc.
Credit Suisse First Boston Corp.
Credit Suisse First Boston Mortgage Securities Corp.
DLJ Mortgage Capital, Inc.

John F Mariani, Esq.
jmariani@gunster.com
Gunster Yoakley & Stewart
777 S. Flagler Drive
West Palm Beach, FL 33401
Telephone:   561 650 0600
Facsimile:   561 655 5677
Attorney for Select Portfolio Servicing, Inc.
Credit Suisse First Boston Corp.
Credit Suisse First Boston Mortgage Securities Corp.
DLJ Mortgage Capital, Inc.