UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BANKERS LIFE INSURANCE COMPANY**

    Plaintiff,

v.                                                    CASE NO. 8:07-cv-00690-T-17-MSS

**CREDIT SUISSE FIRST BOSTON CORPORATION, also known as Credit Suisse Securities (USA) LLC, CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., DLJ MORTGAGE CAPITAL, INC., TRIAD GUARANTY INSURANCE CORPORATION, SELECT PORTFOLIO SERVICING, INC. and BANK OF NEW YORK,**

    Defendant.

_____/

## ORDER DENYING DEFENDANTS' MOTIONS FOR RECONSIDERATION

This cause comes before the Court on two motions filed on May 2, 2008 and May 6, 2008: (1) Motion of Defendants', Credit Suisse Defendants for Reconsideration (Dkt. 86) of this Court's April 22, 2008 Order (Dkt. 83) and Plaintiff's, Bankers Life, response thereto (Dkt.103): (2) Motion of Defendant, Bank of New York, for Reconsideration (Dkt. 84) of this Court's April 22, 2008 Order (Dkt. 83) and Plaintiff's, Bankers Life Insurance Company, response thereto (Dkt. 102).  For the reasons set forth below, the Defendants' motions are denied.  The facts relevant to this decision have been set out in this Court's Order on Motions to Dismiss and as stated from the complaint. (Dkt.  50,83). Those facts are re-adopted and accepted as true for the purpose of resolving this pending motion.

## STANDARD FOR MOTION FOR RECONSIDERATION

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. <u>Region 8 Forest Serv. Timber Purchases Council v. Alcock</u>, 993 F.2d 800, 806 (11th Cir. 1993). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. <u>Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.</u>, 814 F. Supp. 1072, 1072-73 (M.D. Fla., 1993). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Quaker Alloy Casting Co. v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 288 (N.D. Ill.1988). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla.1994). A motion for reconsideration isn't to be used to reiterate argument already previously made. <u>Id</u>. at 1369. Granting reconsideration is also an extraordinary remedy that should be used sparingly. <u>Id</u>.

## DISCUSSION

I. **BREACH OF FIDUCIARY DUTY AGAINST BNY AND CREDIT SUISSE DEFENDANT**

Both motions ask this Court to reconsider the Court's decision in it's Order (Dkt. 50) denying both Defendants' Motion's to Dismiss as to the claims of a breach of a fiduciary duty by Defendants.

  A. **COUNT XVI: BREACH OF FIDUCIARY DUTY AGAINST BNY**

Bank of New York asks this Court to reconsider and reverse its April 22, 2008 Order, which found that Plaintiff sufficiently alleged its claim that Defendant breached its fiduciary duty owed to Plaintiff. (Dkt. 83. ¶ M). Defendant makes lengthy argument using Raymond James & Associates v. Bank of New York Trust Co., N.A, 2008 WL 186590 (M.D. Fla. 2008). Defendant argues that under Raymond James and Associates, an indenture trustee is not subject to an ordinary trustee's duty of undivided loyalty and that an indenture trustee's duties are defined by the agreements itself. (Dkt. 84).

Defendant correctly points out that a indenture trustee's duties are normally limited to the express terms of the agreement because an indenture trustee does not have the broad duties undertaken by an ordinary trustee. However, Defendant omits the fact that these duties are limited "except that the trustee at all times is at all times obligated to avoid conflicts of interest with the beneficiaries." Ambac Indem. Corp. v. Bankers Trust Co., 573 N.Y.S.2d 204, 207 (N.Y. Sup., 1991); Elliott Associates v. J. Henry Schroder Bank & Trust Co., 838 F.2d 66 (2d Cir. 1988); Broad v. Rockwell International Corp., supra, 642 F.2d at 959; In re W. T. Grant Co., supra, 699 F.2d at 612. Additionally, Defendant's reliance upon Raymond James and Associates is mistaken in the fact that the case did not deal with an alleged breach of fiduciary duties arising from a conflict of interest.

Plaintiff has alleged in its Amended Complaint that Defendant had a duty "to act fairly and honestly to and toward the certificateholders." (Dkt. 50. ¶ 151). Plaintiff only need allege that Defendant had "some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp.2d 1170 (M.D. Fla. 2005)(*citations omitted*).

Accordingly, this Court rejects Defendant's argument on this issue and finds that Plaintiff has sufficiently alleged Defendant's breach of fiduciary duty. Therefore, Defendant's Motion for Reconsideration is denied as to Count XVI on the Amended Complaint.

      **B.**     **COUNT IV & X: BREACH OF FIDUCIARY DUTY AGAINST CREDIT SUISSE DEFENDANTS**

The Credit Suisse Defendants asks this Court to reconsider its Order denying Defendants' motion to dismiss as to Count IV. (Dkt. 83). Defendants now argue that the Court needs to correct an error of law because a fiduciary duty owed to an initial purchaser of a prospectus is not owed to a secondary market purchaser. (Dkt. 86). Plaintiff has alleged that Defendant breached a fiduciary duty that was owed to it by Defendant. (Dkt. 50, ¶ 72). Plaintiff was only required to make a "short and plain statement of the claim." Fed. R. Civ. P. 8. Plaintiff has alleged it relied on the prospectus. Plaintiff further alleges Defendants has a fiduciary duty to Plaintiff, because this prospectus was to be relied upon in the absence of the updated trustee reports. Under both Florida and New York law there is not only an express fiduciary duty but there can be an implied fiduciary duty as well. <u>Capital Bank v. MVB, Inc.</u>, 644 So.2d 515, 519 (Fla. App. 3 Dist., 1994)(holding that "special circumstances" can give rise to an implied fiduciary duty); <u>Dimsey v. Bank of N.Y.</u>, 14 Misc.3d 1205(A), 831 2d 359 (Sup Ct N Y Co 2006). Defendants have produced no case law holding that as a matter of law an implied fiduciary duty cannot be owed to a secondary purchaser of a prospectus.

The Defendants also argue that Plaintiff's breach of fiduciary duty and negligent misrepresentation claims are barred by the Martin Act. Defendants specifically argue that the

Martin Act precludes all common law claims falling under the jurisdiction of the Attorney General of the state of New York. However, the jurisdiction for the Martin Act is limited to acts that take place with their entirety in the State of New York.. <u>Fraternity Fund Ltd. V. Beacon Hill Asset Mgmt., LLC.</u>, 376 F. SUPP.2d 385 (S.D.N.Y. 2005). Plaintiff has alleged that tortious, breaches of contracts, and caused injury outside and inside the state of Florida. (Dkt. 50, ¶ 13).

Therefore, there is no manifest error in law and Defendants' Motion for Reconsideration is Denied as to Count IV.

> **II.    BREACH OF CONTRACT AGAINST BANK OF NEW YORK AND CREDIT SUISSE Defendants**

Defendants, the Credit Suisse defendants and Bank of New York, ask this Court to reconsider its decision denying each Defendant's Motion to Dismiss as to Plaintiff's claim of the futility of fulfilling Section 11.07 of the PSA in bringing an action against Defendant. (Dkt. 83). The Defendants are in essence asking the Court to reconsider its Order denying Defendant's motion to dismiss on the ground that there was a manifest error of law. Defendant, Bank of New York suggests that even if it would have been futile for Plaintiff to demand Bank of New York to bring a claim against itself, Plaintiff was required to acquire 25% of Certificateholder's approval in bringing an action against Defendant. (Dkt. 84). The Credit Suisse defendants, in turn argue that Plaintiff lacks standing to allege a breach of contract in that it has not followed the requirements of Rule 23 of the Federal Rules of Civil Procedure.

The Credit Suisse defendants allege that Bankers has not followed specifically Rule 23 of the Federal Rules of Civil Procedure in bringing its action against those defendants. (Dkt. 86).

They particularly argue that Bankers did not plead with the particularity the reasons for not attempting to demand the trustee being an action.

### A.     COUNTS XIV & XV:  BREACH OF CONTRACT AGAINST BNY

Defendant also asks this Court to reverse its decision that Plaintiff had sufficiently alleged its claim that Defendant breached its contract with Plaintiff to provide information to Certificateholders.  Defendant relies on <u>Raymond James & Associates</u> (Dkt. 84. Pg. 11-12). Defendant claims that the Court in <u>Raymond James &Associates</u> interpreted near identical language that is found in the PSA between Plaintiff and Defendant.  However, <u>Raymond James &Associates</u> deals with a different issue from the one before this Court.  The court in that case dealt with the issue of whether the Plaintiff was required notice as to the express provisions of the Indenture, when the Plaintiff had not alleged that it was a registered holder of a Note. 2008 WL 186590 at *5.

The Plaintiff, in this case, has alleged that it was a Certificateholder and therefore a duty was owed to it by the Defendant.  Count XV has been sufficiently pled by the Plaintiff. Therefore, Defendant's Motion for Reconsideration is denied on Count XV on the Amended Complaint.

Defendant also asks this Court to reconsider this Court's Order denying Defendant's Motion to Dismiss as to Count XIV.  Plaintiff has alleged in its Amended Complaint that the act of following PSA Section 11.07 was futile and made impossible. (Dkt. 50, ¶ 36).  It is commonly held that an aggrieved party is relieved from performing impossible acts, where the aggrieved party alleges the Indenture cannot perform its function. <u>Feldbaum v. McCory</u>, 1992 WL 119095

*7 (Del. Ch., 1992); Danzy v. NIA Abstract Corp., 40 A.D. 3d 804, 804 (N.Y.A.D. 2 Dept., 2007) (*citing* McKinney's Business Corporation Law § 626).  Here, Plaintiff's claim that its ability to follow Section 11.07 of the PSA in requesting the trustee to bring Plaintiff's claims was futile, also extends to the condition precedent of obtaining a list of other Certificateholders from Defendant.  The Court finds that there has been no manifest error of law in the order denying Defendant's motion to dismiss on Count XIV (Dkt. 83).  Thereby, Plaintiff has sufficiently alleged Count XIV.  Defendant's Motion for Reconsideration as to Count XIV is denied.

        **B.**      **COUNT IV:  BREACH OF CONTRACT AGAINST CREDIT SUISSE Defendants**

Defendants Credit Suisse asks this Court to reconsider Plaintiff's alleged breach of contract claim against Defendants.  Defendants allege that Plaintiff lacks the standing to bring a breach of contract claim against Defendants. A plaintiff must not bring a pre-suit demand for derivative action when this action for futile. Tuscano v. Tuscano, 403 F. SUPP.2d 214, 222 (E.D.N.Y., 2005).  Here, Plaintiff alleged that it was futile to ask Defendants to bring a derivative action against themselves.  Additionally, Plaintiff may rely on an alleged conspiracy claim which although dismissed was given leave to amend, which was done by Plaintiff. (Dkt. 50, pg.35).  This Court must accept the Plaintiff's factual allegations as true. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Therefore, this Court must accept at this point in litigation that it was futile for Plaintiff to bring a request to Defendants for derivative action against itself.  Defendants Motion to Dismiss as against breach of contract claims are denied.

### III. COUNT I & V: NEGLIGENT MISREPRESENTATION AGAINST CREDIT SUISSE Defendants

Defendants also ask this Court to reconsider Plaintiff's claim of negligent misrepresentation as against Defendant. Defendants argue that this claim should be dismissed under applicable law in the state of New York as well as in the state of Florida.

Defendants argue that controlling New York law demands the claim of negligent misrepresentation must be dismissed. Defendants specifically argue that Plaintiff must have been a party on the open market that Defendants knew would exist at the time the prospectus was delivered to the initial purchasers. (Dkt. 86, pg. 7-8). Also, Defendants state that Plaintiff was a member of the general investing public and no duty is owed to members of the general investing public. Id.

Defendants support their argument citing Saslaw v. Askari, 1997 WL 221208 (S.D.N.Y. Apr. 25, 1997) for the proposition that delivery requirements do not extend to secondary purchasers of the prospectus. Although Saslaw, does hold that prospectus delivery requirements do not extend to a secondary market, the case deals with actions brought under Securities Act of 1933. Id. at *5. Additionally, Saslaw does not specifically hold that duty can be extended to a secondary purchaser. Additionally, Defendants cite Sec. Investor Prot. Corp. v. BDO Seidman, LLP., 222 F.3d 63, 75 (2d. Cir. 2000) for the proposition that an unknown class of investors does not meet the "known" party standard and that a claim for negligent misrepresentation cannot be made from a member of the general investing public. New York law provides that no duty is owed to members of the general investing public. In

re Par Pharmaceutical, Inc. Securities Litigation, 733 F. SUPP. 668, 686 (S.D.N.Y., 1990). However, in its amended complaint Plaintiff alleges that Defendants knew or should have known that Plaintiff would be a secondary purchaser and, therefore, was a known party to Defendant.

Defendants also argue under Florida law that no duty was owed to Plaintiff as a secondary purchaser. Under Florida law, Plaintiff must be a member of "a limited class" to which Defendant knew and intended to reach. Restatement (Second) of Torts § 522 (1977); Gilchrist Timber Co. V. ITT Rayonier, Inc., 696 So.2d 334, 339 (Fla. 1997). Plaintiff in turn has alleged that the limited class to which Defendant owed a duty was any purchasers of the Certificates. (Dkt. 67, p. 10).

At this motion to dismiss stage of the litigation, the Court must accept the Plaintiff's factual allegations as true. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Because the Court must except Plaintiff's allegations as true, the Court must accept at this time that Plaintiff: (1) under New York law, Wey v. New York Stock Exchange, Inc., 2007 WL 1238596 (N.Y. Sup. Ct., April 10, 2007), Defendants knew Plaintiff would rely on the Certificates, Plaintiff was a party "known" to Defendants, and that Defendants linked the prospectus to Plaintiff (2) under Florida law, *see* Gilchrist Timber Co., Plaintiff was a member of the limited class of purchasers of the Certificates. Plaintiff, at this stage, is still permitted to bring a negligent misrepresentation claim against Defendant. Therefore, the Motion for Reconsideration as to Counts I and V is denied.

9

## IV.  CONCLUSION

The Court has throughly reviewed all documents submitted for consideration on this matter, and for the reasons set forth above, it is

**ORDERED** that Defendants' Motions for Reconsideration (Dkts. 84 and 86) be **denied**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 24th of September, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

10