UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BANKERS LIFE INSURANCE COMPANY**

    Plaintiff,

v.

                    **CASE NO. 8:07-cv-00690-T-17-MAP**

**CREDIT SUISSE FIRST BOSTON CORPORATION, also known as Credit Suisse Securities (USA) LLC, CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., DLJ MORTGAGE CAPITAL, INC., TRIAD GUARANTY INSURANCE CORPORATION, SELECT PORTFOLIO SERVICING, INC. and BANK OF NEW YORK,**

    **Defendant.**

_____/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

This cause comes before the Court on three motions filed on June 28, 2008, June 27, 2008 and July 28, 2008: (1) Motion of Defendant, Triad, to Dismiss (Dkt. 104) Plaintiff's Second Amended Complaint (Dkt. 85) and Plaintiff's response thereto (Dkt. 110) Motion of Defendants'(2) Motion of Defendant, Bank of New York, to Dismiss (Dkt. 105) Plaintiff's Second Amended Complaint (Dkt. 85) and Plaintiff's response thereto (Dkt. 111) and (3) Motion of Defendants', Credit Suisse Defendants to Dismiss (Dkt. 106) Plaintiff's, Bankers Life, Second Amended Complaint (Dkt. 85) and

Plaintiff's response thereto (Dkt. 112). For the reasons set forth below, the Defendants' motions are denied. The facts relevant to this decision have been set out in this Court's Order on Motions to Dismiss and as stated from the Second Amended Complaint. (Dkt. 50, 85). Those facts are re-adopted and accepted as true for the purpose of resolving these pending motions.

## STANDARD FOR MOTION TO DISMISS

In reviewing Defendants' Motions to Dismiss, the Plaintiff need not plead detailed factual allegations but must provide more than simply conclusions to support the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007); Fed.Rules.Civ.Proc.Rule 12(b)(6). These facts must be more than just speculative, however, it is assumed that all facts claimed are true even if doubtful. *Id*. (citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

## DISCUSSION

### I. TRIAD'S MOTION TO DISMISS

Defendant Triad asks this Court to dismiss Count VIII against it as a matter of law. Defendant argues that this Court found in its April 22, 2008 Order (Dkt. 83) that Plaintiff must allege it received an assignment of coverage upon written approval of Triad. Defendant also argues that Plaintiff cannot have been a third-party beneficiary to the contract because it contradicts the plain terms of the contract, citing *Bank of North Georgia v. Reznick Group, P.C.*, No. 07-11919, 2008 WL 134118 (11th Cir. Jan. 15, 2008). Defendant also avers that Plaintiff, itself, admits that a fraud took place, therefore, Defendant was allowed to deny coverage as to the contract. Plaintiff argues

that although it was not identified on the contract at the time it was made it is not necessary that it be identifiable at that time, citing *981 Third Avenue Corp. v. Beltramini*, 485 N.Y.S.2d 535 (N.Y. 1985); *Pilot Air Freight Corp. v. City of Buffalo*, No. CIV-91-308E, 1991 WL 275051 (W.D.N.Y. Dec. 16, 1991). Plaintiff also argues that Defendant's claim of fraud is an affirmative defense to the claim and that Defendant must prove that defense and therefore the Motion to Dismiss should be denied.

When this Court dismissed Count VIII with leave to amend (Dkt. 83), Plaintiff was required to allege that it was a direct third-party beneficiary to the contract and not merely an incidental third-party beneficiary. Plaintiff was only required to make a "short and plain statement of the claim." Fed. R. Civ. P. 8. Plaintiff, in its Second Amended Complaint (Dkt. 85, ¶ 93), alleges in Count VIII that "BANKERS is an intended third party beneficiary of the insurance policy between BONY and TRIAD, because the insurance policy expresses an intent to primarily an directly benefit the class of person to which BANKERS belongs; that is, Bank One, N.A., as trustee for CSFB-Mortgage-Backed Pass-Through Certificates Series 2001-28, for the benefit of the owners of the Certificates, such as BANKERS." Furthermore, in ¶ 29 of the Second Amended Complaint, Plaintiff makes a general allegation that numerous Defendants failed to notify Plaintiff that Defendant (Triad) had declined coverage based "amongst other things, that the loans had been though the use of fraud." Defendant's claim that it denied insurance coverage because of fraud is an affirmative defense that involves questions of fact and should not be ruled upon this Motion to Dismiss.

Although not the most artfully written claim, it is sufficient to survive a motion to dismiss at this juncture in the proceeding because Plaintiff has sufficiently alleged that it

was a direct third-party beneficiary to the contract. At this point, the Plaintiff's allegations must be accepted as true. *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Therefore Defendant's Motion to Dismiss as to Count VIII is denied.

## II. BANK OF NEW YORK'S MOTION TO DISMISS

### A. BONY's Claim That It Cannot Be Liable For Alleged Misconduct As A Twice-Removed Predecessor Trustee

Defendant, Bank of New York, asks this Court to dismiss the Second Amended Complaint. In its Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 105), Defendant argues, firstly, that it is not liable for torts of the predecessor corporation.

Under New York corporate law, generally, a corporation which acquires the assets of another corporation is not liable for the torts of the predecessor corporation. *Schumacher v. Richards Shear Co., Inc.,* 59 N.Y.2d 239, 244-45 (1983). Although this is the general rule, a corporation can assume the liability of the predecessor corporation if: (1) the corporation expressly or impliedly assumed the liability (2) there was a consolidation or merger of seller and purchaser (3) the purchasing corporation was a mere continuation of the selling corporation or (4) the transaction was entered into to escape liability. *Id*. at 245 (*see also Semenetz v. Sherling & Walden, Inc.,* 7 N.Y.3d 194, 197-98, 818 (2006)).

Although Defendant does point out that normally it would not be liable for the liability of the processor corporation, it does not argue why as a matter of law any of the four exceptions do not apply to this case. Being that this Court must accept Plaintiff's factual allegations as true at this stage of the litigation, *Swierkiewicz* at 506, this Court

must accept, at this point, that Plaintiff can show that Defendant assumed liability of the predecessor corporation.

Defendant also argues that it is an impossibility that it could have been involved in any wrongdoing alleged by Plaintiff, because it did not become a trustee until three years after Plaintiff purchased the Certificates and that this claim is actually a breach of contract claim that cannot be repackaged as a tort. However, Plaintiff alleges in its Second Amended Complaint (Dkt. 85, pg. 36-37), that Defendant "had a duty to make full disclosure and to act fairly and honestly to and toward the certificateholders" and "[Defendant] failed to act in the interests of its beneficiaries and instead stood idly by, which contributed materially to losses suffered by BANKERS." Plaintiff, in essence, has alleged that Defendant, although not trustee at the time the certificates were made or purchased, had a duty when it became trustee to act honestly and fairly to Defendant by correcting the certificates and/or warn Plaintiff about the certificates after the fact. This duty would be a tort that allegedly existed between Plaintiff and Defendant at all times, not merely because of the contract itself. *LNC Inv., Inc. v. First Fidelity Bank, Nat'l Ass'n*, 935 F.Supp.2d 1333 (S.D.N.Y. 1996).

Therefore, Defendant's Motion to Dismiss Count XVI of the Second Amended Complaint is denied.

   B.   <u>BONY's Allegation That Plaintiff Has Failed To Meet Conditions Precedent To Bring This Action</u>

Defendant asks this Court to grant its Motion to Dismiss on the grounds that Plaintiff failed to meet mandatory preconditions before bringing this action against Defendant. Defendant argues that Plaintiff was required acquire 25% of Certificateholder's approval

in bringing an action against Defendant even if any demand on Defendant would have been futile. (Dkt. 105). However, this argument was already denied by this Court in its Order from September 24, 2008 (Dkt. 115). Therefore, Defendant's Motion to Dismiss as Count XIV is denied.

    C.    <u>BONY's Claim That Plaintiff Has Not Properly Alleged BONY As An Indentured Trustee Has Breached Any Obligation Under The PSA</u>

Defendant asks this Court to grant its Motion to Dismiss based on the fact that an indentured trustee's duties are defined by the agreement. However, once again, Defendant's argument has already rejected by this Court in its Order on Defendant's Motion for Reconsideration (Dkt. 115) in that Plaintiff has alleged that Defendant breached its duty to avoid conflicts of interest that arise outside of the agreement itself. <u>Ambac Indem. Corp. v. Bankers Trust Co.</u>, 573 N.Y.S.2d 204, 207 (N.Y. Sup., 1991); <u>Elliott Associates v. J. Henry Schroder Bank & Trust Co</u>., 838 F.2d 66 (2d Cir. 1988); <u>Broad v. Rockwell International Corp</u>., supra, 642 F.2d at 959; <u>In re W. T. Grant Co.</u>, supra, 699 F.2d at 612; (Dkt.115). Therefore, Defendant's argument as to Count XIV-XV is denied.

    D.    <u>BONY's And The Credit Suisse Defendants' Claim That Plaintiff's Civil Conspiracy Claim Is Improperly Pleaded</u>

Furthermore, Defendant asks this Court to dismiss Count XVII of the Second Amended Complaint (Dkt. 85) as against Defendant. Defendant argue that Plaintiff has failed to properly plead the count on the grounds of impossibility and improper pleading of a factual basis for the count.

For there to be a civil conspiracy four elements must be met: (1) there must be an agreement between two or more parties (2) to do an unlawful act by unlawful means (3) the committing of an overt act in pursuance to the conspiracy and (4) damage to the plaintiff as a result of the act. *Walters v. Blankenship*, 931 So.2d 137, 140 (Fla. 5th Dist. Ct. App. 2006) (*citations omitted*). Additionally, in pleading this civil conspiracy Plaintiff was only required to make a "short and plain statement of the claim." Fed. R. Civ. P. 8. Plaintiff in its Second Amended Complaint (Dkt. 85, ¶ 154) alleges that the Defendants "conspired and agreed to develop and implement a scheme to defraud purchasers, such as BANKERS, which was carried out by *inter alia*: (a) certain defendants making material misrepresentations or omitting material facts and (b) certain defendants failing to perform contractual obligations." Additionally, in ¶ 159 of the Second Amended Complaint, Plaintiff alleges Defendant "as Trustee, intentionally withheld crucial information from purchasers, such as BANKERS, which would have disclosed the true risks associated with ownership of the Certificates and the actions of its co-defendants."

Plaintiff in ¶ 154 specifically alleges there was an agreement between the parties and in ¶ 161 alleges that all Defendants acted "in concert" to accomplish a "fraudulent scheme." The allegations in the count properly allege that there was an agreement between the defendants to commit overt acts, the actual committing of acts by the Defendants, with the intent to defraud purchasers of the Certificates. Plaintiff, now in its Second Amended Complaints, pleads sufficient factual detail of the alleged civil conspiracy for it to withstand a motion to dismiss. Therefore, Defendants' Motions to Dismiss as to Count XVII is denied.

### III. CREDIT SUISSE DEFENDANTS' MOTION TO DISMISS

    A. <u>Credit Suisse Defendants' Claim That Plaintiff Fails To State A Claim For Common Law Fraud</u>

Credit Suisse Defendant's allege that Plaintiff has failed to meet several requirements in pleading common law fraud and therefore Count III and Count VII of the Second Amended Complaint should be dismissed. To plead common law fraud, Plaintiff must allege that (1) a false statement concerning a material fact was made by Defendants to Plaintiff (2) Defendants had knowledge that the statement was false (3) Defendants had the intent that the statement would cause Plaintiff to act on the statement and (4) that Plaintiff relied on the statement causing injury. *Larson v. Correct Craft*, 537 F.Supp.2d 1264 (M.D. Fla 2008). Additionally, these elements must be pleaded with particularity. *Wexner v. First Manhattan Co.*, 902 F.2d 169 (2d Cir. 1990).

Firstly, the Credit Suisse Defendants' specifically suggest that Plaintiff has not alleged any legally recognized misstatement or omission to meet the elements of fraud claim. In ¶ 54 of the Second Amended Complaint, Plaintiff alleges that Defendant CSFB omitted to "accurately update[d] Moody's and the Prospectus and Prospectus Supplement." Then in ¶ 55, Plaintiff alleges that Defendant CSFB omitted to disclose to Plaintiff and Moody's of fraudulent mortgages. Additionally, in ¶ 82 Plaintiff alleges that Defendant CSFB Mortgage omitted to inform Plaintiff of the presence of fraudulent mortgages. Finally, Plaintiff alleges in ¶ 83 made a material misrepresentation by assuring Plaintiff that it would cure any discovered breach. Plaintiff alleges material omissions or misrepresentations made by Defendant and are pled with enough particularity to meet the first element of a fraud claim.

Secondly, Plaintiff must allege that Defendants had knowledge of the falsity of the statement. In ¶ 55, Plaintiff alleges that "CSFB had actual knowledge of the presence of default and fraudulent mortgages based upon various submissions of claims to Triad Insurance Company. In this Court's Order on April 22, 2008 (Dkt. 83), the Court stated that Plaintiff must allege "why" Defendant knew or should have known about the falsity of the misrepresentation. Now, Plaintiff has alleged with enough particularity, explaining that Defendant should have known of the falsity based on "the numerous submissions of claims to Triad Insurance Company." (Dkt. 85, ¶ 55). Additionally, in ¶ 82, Plaintiff alleges that CSFB Mortgage "had actual knowledge of the presence of fraudulent mortgages based upon numerous submissions of claims to Triad Insurance Company." These allegations are again pleaded with enough particularity to meet the second element of a fraud claim.

Thirdly, Plaintiff must allege that Defendants had the intent, by making a statement or omission, to have a party rely on the statement or omission. In ¶ 53, Plaintiff alleges that Defendant CSFB purposely lowered criteria and standards, or turned a blind eye to it, in order to keep selling profitable certificates. Additionally, in ¶ 83, Plaintiff alleges that CSFB Mortgage intended to rely upon various mortgage originators in order to cure breaches. Plaintiff has alleged the third element with suitable particularity.

Finally, Plaintiff must have alleged that it relied upon Defendants' misrepresentations and it caused injury. In ¶ 57 and ¶ 85, Plaintiff alleges that it relied upon the information provided to it by both Defendants. Also, in ¶ 59 and ¶ 87, Plaintiff alleges that such reliance on the misrepresentations caused it injury. Therefore, the

fourth element of a fraud claim has been pled with the requisite particularity to be met by Plaintiff.

Therefore, Plaintiff has alleged with enough particularity to overcome the Motion to Dismiss Counts III and VII of the Second Amended Complaint. The Motion to Dismiss as to Counts III and VII are denied.[1]

B.     Credit Suisse Defendants Request to Dismiss the Negligent Misrepresentation, Breach of Fiduciary Duty, and Breach of Contract

Defendants also ask this Court to grant its Motion to Dismiss on the grounds that Plaintiff's negligent misrepresentation, breach of fiduciary duty, and breach of contract claims should be dismissed. However, these arguments were already denied by this Court in its Order from September 24, 2008 (Dkt. 115). Therefore, Defendant's Motion to Dismiss as to these counts are denied.

## CONCLUSION

The Court has throughly reviewed all documents submitted for consideration on this matter, and for the reasons set forth above, it is

**ORDERED** that Defendants' Motions to Dismiss (Dkt. 104,105,106) are denied and the Defendants must answer the Second Amended Complaint within ten (10) days of this Order.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 22nd of October, 2008.

---

[1] The factual allegations must be accepted as true at this stage of the litigation. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). If Defendants feel that certain claims have been brought and continued in bad faith, they at a later point may bring a Rule 11 sanction claim against Plaintiff if Defendants feel they are necessary and justified.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.